

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable G. H. Williamson
County Attorney
Erath County
Stephenville, Texas

Dear Sir:

> Opinion Number O-5520
> Re: Legality of employment by Strawn
> Independent School District of
> bus driver to transport students
> from Rush Creek Common School
> District to Strawn Independent
> School District, said bus driver
> being the wife of one trustee of
> Rush Creek Common School District
> and the sister of another such
> trustee.

We acknowledge receipt of your letter to this department, dated August 7, 1943, advising that the School Board of Rush Creek Common School District in Erath County has transferred students in said district to the Strawn Public School of the Strawn Independent School District in Palo Pinto County.

You further advise as follows:

"A person who is the wife of one of the School Board Members of Rush Creek and she is also the sister of another member of the Rush Creek Board, has made application to the Strawn School Board for the position of School Bus Driver to transport the Rush Creek Students to the Strawn School."

Honorable G. H. Williamson, page #2

You then inquire if such employment by the Strawn Board is legal.

Article 432, Penal Code, provides as follows:

"No officer of this State or any officer of any district, * * * school district, * * * or member of any school district, * * * created by or under authority of any general or special law of this State, * * * shall appoint or vote for or confirm the appointment to any * * * position, * * * employment or duty, of any person related within the second degree by affinity, or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board * * * of which such person so appointing or voting may be a member, when the salary, * * * or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever."

Article 433, Penal Code, provides as follows:

"The inhibitions set forth in this law shall apply to and include * * * public school trustees."

It does not appear from your communication that the applicant for the bus driver's position in question is related within any of the prohibited degrees to any of the Board Members of the Strawn Independent School District, which Board constitutes the employing agency in the instant case; and we assume that no such relationship exists. There being no constitutional or statutory inhibition against such employment, your inquiry is answered in the affirmative.

Said applicant, of course, must meet the requirements of Article 2687a, Revised Civil Statutes, and of Section 5 of Article

Honorable G. H. Williamson, page #3

6687b, Vernon's Annotated Revised Civil Statutes, both as modified by the provisions of Senate Bill 119 of the Forty-eighth Legislature. (V.T.S.L.S. 48th Leg., R.S., p. 41.)

Very truly yours

ATTORNEY GENERAL OF TEXAS

By L. H. Flewellen

L. H. Flewellen
Assistant

LHF-s

oK
C.C.R.

APPROVEDAUG 20, 1945

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN